IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKEY LETT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:18-cv-125-MHT-GMB [WO] |
| GARDEN CITY GROUP, LLC, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is a *pro se* complaint filed by Plaintiff Rickey Lett. Doc. 1. Lett brings a single fraud claim against Defendant Garden City Group, LLC ("Garden City"), and asserts diversity of citizenship as the basis for the court's subject-matter jurisdiction. Doc. 1. Specifically, Lett pleads that he is a citizen of Alabama, that Garden City is a limited liability company with an address in Dublin, Ohio, and that the amount in controversy is $16,000,000. Doc. 1.

Federal district courts are courts of limited jurisdiction. "They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. The Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). When a federal court "acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985)). Further, the jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties. *See Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000–01 (11th Cir. 1982).

Lett asserts diversity of citizenship as the basis of the court's subject-matter jurisdiction to hear his claim. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). To establish citizenship for purposes of diversity jurisdiction, a limited liability company, such as Garden City, "is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, to allege the citizenship of a limited liability company, a party must plead the citizenship of each of the LLC's members. *Id.* at 1021–22. Lett has not done this—he has only alleged that Garden City has an address in Dublin, Ohio. This allegation is insufficient to establish Garden City's citizenship for purposes of diversity jurisdiction.

Accordingly, it is ORDERED that Lett shall file an amended complaint that properly alleges diversity jurisdiction **on or before March 30, 2018**. The plaintiff is further cautioned that, if a proper amended complaint is not filed, the undersigned may recommend dismissal of this action for lack of subject-matter jurisdiction.

DONE this 5th day of March, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE