IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKEY LETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:18-cv-125-MHT-GMB |
| | ) | [wo] |
| GARDEN CITY GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the Motion to Dismiss for Failure to State a Claim (Doc. 58) filed by Defendant Garden City Group, LLC ("Garden City Group"). Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. Doc. 6.

On February 21, 2018, Plaintiff Rickey Lett ("Lett") filed this lawsuit, claiming that Garden City Group defrauded him. *See* Doc. 1. He has been given a number of opportunities to amend his allegations and has filed amended complaints on March 7, 2018 (Doc. 8); April 2, 2018 (Doc. 17); and April 13, 2018 (Doc. 21). These complaints did not address all of the court's concerns, so the court held a hearing and ordered Lett to file yet another amended complaint, which he did on June 11, 2018. Doc. 38.

On July 13, 2018, the court entered an Order requiring Lett to comply with Rules 8 and 10 of the Rules of Civil Procedure by more specifically setting forth his claims and noting certain pleading deficiencies with respect to his most recent complaint. Doc. 49 at

4.  The court ordered Lett to separate each count for relief and to omit references to an invasion of privacy and the Racketeer Influenced and Corrupt Organizations Act ("RICO") if he intends to bring only a fraud claim; to set forth allegations of fact material to each of the elements of his claims; to allege facts establishing reasonable reliance for purposes of the fraud claim; and not to incorporate by reference all factual allegations into every count if he pleads more than one count. Doc. 49 at 4.  In response, Lett filed the amended complaint which is the subject of the pending motion to dismiss. Doc. 53.

Upon receipt of the motion to dismiss, this court entered an Order allowing Lett until August 30, 2018 to file a response. Doc. 60.  Lett has not filed a response to the motion to dismiss as of the date of this recommendation.

After careful consideration of the record and the applicable law, the undersigned RECOMMENDS that the motion to dismiss (Doc. 58) be GRANTED and that Lett's claims be DISMISSED.

## I.  JURISDICTION AND VENUE

Lett alleges that Crawford & Company is a member of Garden City Group located in Atlanta, Georgia. Doc. 53.  In its Answer, Garden City Group admits that it is a Delaware limited liability company with its principal place of business in New York, and that its sole member is Crawford & Company, a Georgia corporation with a principal place of business in Georgia. Doc. 59 at 2.  Lett is a citizen of Alabama. Doc. 53. Lett seeks more than $75,000, exclusive of interest and costs. Doc. 53 at 2.  The court therefore has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

## II. FACTS

Lett alleges in his amended complaint that he received a legal notice from Garden City Group informing him that he was included in a class action lawsuit. Doc. 53.  The lawsuit covered a class of persons who had mortgages serviced by Wells Fargo from August 1, 2004 to December 31, 2013. Doc. 53 at 8.  Lett alleges that within this notice Garden City Group knowingly made a statement that was an intentional misrepresentation that he would be paid $10,000. Doc. 53 at 6.  He attached the class notice to his amended complaint. Doc. 53 at 8. Lett also alleges that Garden City Group induced him to rely on the false statement. Doc. 53 at 5.

> The notice attached to the amended complaint states that

> The settlement with Wells Fargo involves a total payment of $25,750,000. After deductions for costs of settlement administration and notice, class representative service awards, and attorneys' fees and expenses, the remainder (the "Net Settlement Fund") will be distributed to Class Members.

Doc. 53 at 8.  The notice also states:

> The Honorable Robert W. Pratt will hold a hearing in the case, known as *Young v. Wells Fargo & Co.* Case No. 4:08-CV-507 RP-CFB, on January 21, 2016, at 10:00 am, at the United States District Court, Southern District of Iowa, Central Division, U.S. District Courthouse, 123 East Walnut Street, Des Moines, Iowa 50309, to consider whether to approve the settlement, attorneys' fees of up to 33-1/3 % of the $25,750,000 settlement, reimbursement for lawsuit costs and expenses not to exceed $400,000, and a payment to each of the Plaintiffs of $10,000 for their service to the Class.

Doc. 53 at 8.

## III.  STANDARDS OF REVIEW

Rule 41 of the Federal Rules of Civil Procedure provides that if a plaintiff fails to

comply with the rules or a court order, a defendant may move to dismiss the action. Fed. R. Civ. Pro. 41.  A court also may dismiss an action *sua sponte* pursuant to this rule. *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006).

Alternatively, in considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

Before addressing Garden City Group's arguments as to Lett's failure to state a claim, the court notes that Lett has not complied with this court's Order to respond to the motion to dismiss.  In addition to that noncompliance, although the court specifically ordered Lett to file a new amended complaint that sets out separate counts for relief if he intends to pursue claims other than a fraud claim, and to omit references to invasion of

privacy and RICO if he only intends to pursue a fraud claim (Doc. 49 at 4), Lett's amended complaint contains only one count, a count of fraud, but still refers to invasion of privacy and RICO. Doc. 53 at 5–8.  The court also ordered Lett to set forth separately numbered counts for relief, to set forth allegations of fact material to each of the elements of the claims, and not to incorporate by reference all factual allegations into every count. Doc. 49 at 4.  Upon review of the amended complaint, there are no facts alleged as elements of any claim for an invasion of privacy or RICO, and the fraud count continues to incorporate all prior paragraphs of the complaint. Doc. 53 at 7.

The court also ordered that Lett plead facts as to the reasonable reliance element of his fraud count (Doc. 49 at 4), but the portion of his newest amended complaint which contains his only count for relief, labeled "Count One, Fraud" is identical to his "Count One, Fraud" section in the previous amended complaint. *Compare* Doc. 38 at 5, *with* Doc. 53 at 7.

Rule 41 of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss an action if a plaintiff fails to comply with a court order, or the court may dismiss the action on its own motion. *See Brown*, 205 F. App'x at 802.  Dismissal with prejudice pursuant to Rule 41 is appropriate only "where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Comms.*, 178 F.3d 1373, 1374 (11th Cir. 2006) (internal quotation marks omitted).

Lett was cautioned that his failure to submit an amended complaint in compliance with the court's Order could result in a recommendation of the dismissal of this case. Doc. 49 at 4.  Although Lett was given an opportunity to amend his complaint with specific

instructions, Lett has failed to follow those instructions.  Therefore, while dismissal with prejudice is a serious sanction, the court concludes that Lett's failure to comply was willful given his failure to comply with the court's Order to amend appropriately and its subsequent Order to respond to the motion to dismiss.  The court further finds that lesser sanctions would not suffice because this litigation cannot advance without a pleading that states a claim for relief. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal under Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

Alternatively, the court has considered the Rule 12(b)(6) grounds for dismissal asserted by Garden City Group in its motion.  Garden City Group moves to dismiss all claims in the most recent amended complaint, even if this includes claims for fraud, invasion of privacy, and civil RICO.  With respect to the fraud claim, Garden City Group argues that Lett has not stated a claim for fraud because he does not specifically plead the elements of a fraud claim, and because the notice he includes in his amended complaint undermines his own allegations.  The notice Lett incorporated into his pleading (Doc. 53 at 8), states that he is a class member which may entitle him to certain relief, and separately states that $10,000 may be approved as payment to the "Plaintiffs" "for their service to the class." Doc. 53 at 8.  This is a reference to the named plaintiffs in the action, who have been designated to serve as class representatives pursuant to Federal Rule of Civil Procedure 23(a).  There is no representation made in the document that $10,000 would be paid to each and every class member.  This is the entire basis for Lett's fraud claim, and the representations in the document contradict his allegations.  If Lett has relied on this

document in some way, he acted unreasonably.  Lett has failed to allege the necessary elements of his claim, including reasonable reliance on a representation of a material fact that is false. *See AmerUS Life Ins. Co. v. Smith*, 5 So. 3d 1200, 1207 (Ala. 2008).

Garden City Group moves to dismiss Lett's invasion of privacy claim because he has not alleged facts that would state a claim under Alabama law.  The court agrees that there are no facts which allege an intrusion upon Lett's right to be free from unwarranted publicity under Alabama law. *See McClung v. Mortg. Elec. Registration Sys., Inc.,* 2012 WL 13032896, at *6 (N.D. Ala. Mar. 27, 2012) (finding insufficient allegation of invasion of privacy in plaintiffs' claim that the defendants invaded their privacy by contacting them directly and sending a letter).

Similarly, with respect to an alleged RICO violation, Lett has failed to allege critical elements such as an appropriate enterprise, predicate acts, or a pattern of racketeering. *See Ray v. Spirit Airlines, Inc.,* 836 F.3d 1340, 1348 (11th Cir. 2016) (holding that a civil RICO plaintiff must establish that a defendant operated or managed an enterprise through a pattern of racketeering activity that included at least two racketeering acts)

The court concludes, therefore, that pursuant to Rule 12(b)(6), Lett has failed to state a claim for relief after having been given an opportunity to replead his claims and that his claims are due to be dismissed on this alternative basis.

The court is of course mindful of Lett's *pro se* status. While *pro se* pleadings are held to a lesser standard than those prepared by attorneys and "are thus construed liberally," *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), *pro se* litigants still must comply with the Federal Rules of Civil Procedure. *Giles v. Wal-Mart Distrib. Ctr.*, 359 F.

App'x 91, 93 (11th Cir. 2009).  Lett has not done so despite many opportunities to cure the inadequacies of his claims.

## V.  CONCLUSION

For these reasons, the undersigned Magistrate Judge RECOMMENDS that the motion to dismiss (Doc. 58) be GRANTED and that Lett's claims be dismissed with prejudice pursuant to Rule 41 for failure to comply with the court's orders, and alternatively pursuant to Rule 12(b)(6) for failure to state a claim.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **October 17, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's factual findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the report and recommendation, and also waives the right of the party to challenge on appeal the District Court's order based on findings and conclusions that the parties have not objected to, in the absence of plain error or manifest injustice. *See Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 887 (11th Cir. 2017).

DONE this 3rd day of October, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE